UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA C. MOON, on her own behalf and on behalf of the Peters Rush Habib & McKenna 401(k) Profit Sharing Plan,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID H. RUSH, MARK A. HABIB, and JAMES P. MCKENNA,<br><br>        Defendants. | 2:11-cv-03102-GEB-CKD<br><br>**ORDER DENYING MOTION TO DISMISS**[*] |
| DAVID H. RUSH,<br><br>        Counterclaimant,<br><br>  v.<br><br>VIRGINIA C. MOON,<br><br>        Counterdefendant. | |

Counterdefendant Moon moves under Federal Rule of Civil Procedure 12(b)(6) for dismissal of Counterclaimant Rush's breach

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

of contract counterclaim, arguing it is barred by the two-year statute of limitations prescribed in Section 339(1) of the California Code of Civil Procedure. (See Counterdef.'s Mot. to Dismiss ("Mot. to Dismiss") 3:14-15, 3:27-28, ECF No. 72.) Rush rejoins, inter alia, that this claim is not barred by the statute of limitations because he waived Moon's breaches until 2009 (Counterclaimant's Opp. to Mot. to Dismiss ("Counterclaimant's Opp.") 5:9-11, ECF No. 75) which was within two years of the parties' October 28, 2010 statute of limitations tolling agreement (Counterclaimant's Opp. 9:18-19; Compl. ¶ 49, ECF No. 2.)

Under the waiver of breach doctrine on which Rush relies, "when there are ongoing contractual obligations the plaintiff may elect to rely on the contract despite a breach, and the statute of limitations does not begin to run until the plaintiff has elected to treat the breach as terminating the contract." Romano v. Rockwell Internat., Inc., 14 Cal. 4th 479, 489 (1996) (citing 1 Witkin, Summary of Cal. Law, (9th ed. 1987), Contracts, §§ 800-801, pp. 723-724.) Further, the California Supreme Court states in Romano: "In the context of successive breaches of a continuing contractual obligation, . . . the injured party could wait until the time arrived for a complete performance by the other party and then bring an action for damages for such breaches." Romano, 14 Cal. 4th at 489-90 (quoting Lambert v. Commonwealth Land Title Ins. Co., 53 Cal. 3d 1072, 1078 (1991)) (internal quotation marks omitted).

Rush alleges the parties entered into a contractual agreement to act as co-owners of a property and to split the

rental proceeds that property generated; specifically, Moon agreed to remit to Rush his share of the proceeds, pay property taxes, and pay alarm monitoring expenses. (Second Amended Counterclaim ¶¶ 19, 31, 42.) Rush alleges these obligations constituted "an ongoing contractual relationship" (id. ¶ 31) which Moon repeatedly breached by failing to give him his share of the rental proceeds. (Id. at ¶¶ 23-27, 43.)

Rush sufficiently alleges that he has elected to rely on the contract despite Moon's alleged breaches of that contract, and that this election did not commence the statute of limitations period until he treated the breach as terminating the contract.

For the stated reasons, the dismissal motion is denied. Further, to the extent that the order filed on August 6, 2013, Moon v. Rush, 2:11-CV-03102-GEB, 2013 WL 4012828, at *9 (E.D. Cal. Aug. 6, 2013), conflicts with this ruling, that ruling is disapproved and withdrawn.

Dated:  October 31, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge