UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VIRGINIA C. MOON, on her own behalf and on behalf of the Peters Rush Habib & McKenna 401(k) Profit Sharing Plan,

   Plaintiff,

 v.

DAVID H. RUSH, MARK A. HABIB, and JAMES P. MCKENNA,

   Defendant.

AND RELATED COUNTERCLAIM

No. 2:11-cv-03102-GEB-CKD

**ORDER DENYING SEALING REQUEST**

   On August 25, 2014, David H. Rush, Mark A. Habib, and James P. McKenna (the "moving parties") submitted for in camera consideration a Request to Seal Documents, their counsel's declaration, a proposed sealing order, and the documents sought to be sealed. The documents sought to be sealed are referenced in a publicly filed Notice of Request to Seal Documents as "fifteen documents and references thereto made in (1) Defendants' Motion for Summary Judgment on Plaintiff's Complaint . . . and (2) the Statement of Undisputed Facts in support of both Defendant's MSJ and Counter-Claimant's Motion for Summary Judgment." (Not. of Req. to Seal 1:4-7, ECF No. 87.) The moving parties "seek an order authorizing the filing of [the referenced] documents and

1

1  cited portions thereof under seal," arguing "[t]he information
2  contained in these documents has been designated as confidential
3  pursuant to the Confidentiality Agreement entered into by the
4  parties." (Id. at 4:13-15.) The moving parties further state in
5  their Request to Seal Documents: "[t]he confidential information
6  includes private information, including financial information,
7  which should be protected from disclosure." (Req. to Seal Docs.
8  4:10-11.)

9        The moving parties neither discuss the applicable
10 sealing standard in their Request to Seal Documents, nor
11 demonstrate that it has been met. See E.D. Cal. 141(b) ("The
12 'Request to Seal Documents' shall set forth the statutory or
13 other authority for sealing . . . ."). "[A] party seeking to seal
14 a [document] attached to a dispositive motion or one that is
15 presented at trial must articulate 'compelling reasons' in favor
16 of sealing." Williams v. U.S. Bank Ass'n, 290 F.R.D. 600, 604
17 (E.D. Cal. 2013) (quoting Kamakana v. City and Cnty. of Honolulu,
18 447 F.3d 1172, 1178 (9th Cir. 2006)).

> [The moving parties] cannot provide the compelling reasons necessary to justify the wholesale sealing of [the documents sought to be sealed] with a few generalized, sweeping sentences. They needed (and failed) to specifically address why [specific portions of the documents] contain[] . . . ["private"] information of such a compelling nature as to overcome the strong presumption of public access.

25 In re LDK Solar Secs. Litig., No. C 07-05182 WHA, 2010 WL 724809,
26 at *1 (N.D. Cal. Mar. 1, 2010); see also Williams, 290 F.R.D. at
27 607 (denying request to seal an exhibit where the moving party
28 "failed to identify with any particularity which of the

[multiple] pages is actually confidential and needs to be sealed," and "[i]nstead . . . requested the sealing of all . . . pages . . . , without regard to the plainly non-confidential nature of most of them").

For the stated reasons, the sealing request is DENIED. Since Local Rule 141(e)(1) prescribes that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied," the documents emailed to the courtroom deputy clerk for judicial in camera consideration are treated as having been returned to the moving parties. <u>United States v. Baez-Alcaino</u>, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request the party submitting the request then decides how to proceed in light of the ruling).

Dated: August 28, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3