UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA C. MOON, on her own behalf and on behalf of the Peters, Rush, Habib & McKenna Profit Sharing Plan,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID H. RUSH, MARK A. HABIB, and JAMES P. MCKENNA,<br><br>        Defendants. | No. 2:11-cv-3102-GEB-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |

        Plaintiff and Counterdefendant Virginia Moon seeks a temporary restraining order ("TRO") under Federal Rule of Civil Procedure ("Rule") 65(b) barring Defendant and Counterclaimant David Rush from filing a partition lawsuit in state court concerning the real property at 1525 Dayton Road in Chico, California ("the Property"). Rush opposes the motion (ECF No. 139.) Rush, Moon and the Plan are co-owners of the Property. (ECF No. 131.)

**I.    LEGAL STANDARD**

        To obtain a TRO, a party must demonstrate that "[s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in h[er] favor, and that an

1

injunction is in the public interest." Winter v. Natural Res. Council, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a [TRO]... may still issue if the 'balance of the hardships tips sharply in the plaintiff's favor,' and the other two Winter factors are satisfied." Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011)). "The [Winter] test is conjunctive, meaning that the party seeking the [TRO]... must satisfy each element." Wells Fargo Bank v. SFR Inv. Pool 1, LLC, No. 2:13-CV-1375 JCM (PAL), 2013 WL 6231373, at *2 (D. Nev. Dec. 2, 2013.)

## II.   DISCUSSION

**A.   Likelihood of Success on the Merits/Serious Questions Going to the Merits**

Moon argues she is entitled to a TRO since she alleges in her Complaint, in pertinent part, that Rush violated his fiduciary duties to the Plan "[b]y placing himself in a conflicted position with respect to the Plan [Property by], engaging in prohibited transactions, . . . [such as] taking for himself rents and tax benefits attributable to the Dayton Road property owed to the Plan and/or Ms. Moon." (Compl. ¶ 91, ECF No. 2.) Moon argues she is a beneficiary of the Plan, and since Rush was a Plan fiduciary, and simultaneously part owner of the Property in his individual capacity, he failed to perform the fiduciary obligations he owed the Plan and therefore Moon is likely to prevail on her equitable claim for an order "equitably

restor[ing] the Dayton Road property to [her]." (Compl. Prayer for Relief As to the Seventh Claims for Relief, ECF No. 2.) Moon argues that if Rush files a partition lawsuit in state court, she would be deprived of this equitable relief.

Rush counters that even if Moon could show a likelihood of success on this breach of fiduciary duty claim, it is not likely that she would receive an order equitably restoring his interest in the Property to her since he and Moon have had agreements that clearly would not favor such equitable relief.

"Serious questions" in the context of a TRO are those that are so "substantial, difficult, and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." Republic of Philippines v. Marcos, 826 F.2d 1355, 1362 (9th Cir. 1988) (citation omitted).

In light of the agreements and disagreements Moon and Rush have had concerning the Property, Moon has not raised serious questions that she is likely to prevail on her equitable restoration claim as she contends.

### III. CONCLUSION

For the reasons stated, Moon's motion for a temporary restraining order is DENIED.

Dated:   January 21, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge